IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FREDERICK D. HARRIS, M.D., | ) | CASE NO. 1:10-CV-2646 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE McHARGH |
| | ) | |
| SUZ ANDERSON, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |
| | ) | |

Plaintiff filed the complaint in the above-referenced action on November 19, 2010 (Doc. 1). From the Court's review of the docket, there was no indication that service of the Complaint had been perfected upon Defendant within 120 days of the filing of the Complaint, as required by Rule 4(m) of the Federal Rules of Civil Procedure. Therefore, on March 21, 2011, the Court ordered Plaintiff to show cause on or before April 1, 2011, as to why the undersigned should not recommend dismissal of the instant case for failure to perfect service upon Defendant (Doc. 5). To date, Plaintiff has not responded to the Court's order.

Federal Rule of Civil Procedure Rule 4(m) establishes a two-part test to determine whether dismissal of an improperly served complaint is proper.

> First, the court must determine whether the plaintiff has shown good cause for the failure to effect service. If he has, then "the court *shall* extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m) (emphasis added).
>
> Second, if the plaintiff has not shown good cause, the court must either (1) dismiss the action or (2) direct that service be effected within a specified time. *See id*. In other words, the court has discretion to permit late service even absent a showing of good cause.

*Becker v. Warden Ross Corr. Inst.*, No. 2:05-CV-908, 2006 WL 2869567, at *2 (S.D. Ohio Oct. 5, 2006).

The Court notes that Plaintiff is proceeding *pro se*. However, Plaintiff's *pro se* status does not "relieve [him] of [his] obligation to properly effect service of the summons and complaint as required by the Federal Rules of Civil Procedure." *Sayyah v. Brown Cnty. Bd of Comm'rs*, No. 1:05-CV-16, 2005 WL 1793843 (S.D. Ohio July 27, 2005). While a *pro se* litigant is held to a less stringent standard, he is nonetheless required to comply with the Court's orders. *See Abou-Sakher v. McCoy*, 234 F.3d 1267 (6th Cir. 2000) (Table ). Plaintiff's failure to answer the Court's order suggests to the Court that Plaintiff does not have good cause for his failure to perfect service within the time permitted under Fed. R. Civ. P. 4(m). "Mere 'inadvertent failure' is insufficient to constitute good cause." *Becker*, 2006 WL 2869567 at *3. Under these circumstances, the Court finds that Plaintiff has not shown good cause for failing to timely effect service upon Defendant.

Finding that Plaintiff has not shown good cause, the Court must next determine whether to exercise its discretion to allow Plaintiff to perform an untimely service of process. In determining whether to exercise this discretion, the Court should consider the following factors:

> (1) whether a significant extension of time was required; (2) whether an extension of time would prejudice the defendant other than the inherent 'prejudice' in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether a dismissal without prejudice would substantially prejudice the plaintiff ... and (5) whether the plaintiff had made any good faith efforts at effecting proper service of process.

*Stafford v. Franklin Cty*, No. 2:04-CV-178, 2005 WL 1523369, at *3 (S.D. Ohio June 28, 2005).

Applying these factors to the case *sub judice* the Court declines to exercise discretion by granting Plaintiff additional time in which to perfect service upon Defendant. In consideration of the first factor, the undersigned notes that as of the date of this report, Plaintiff has not responded to the Court's Show Cause Order (Doc. 5) issued on March 22, 2011, which demanded Plaintiff to provide such response no later than April 1, 2011. If Plaintiff required additional time in which to

perfect service upon Defendant, the Court would have expected Plaintiff to proffer such request in its answer to the Court's order. However, Plaintiff's failure to respond to the Court's order leaves the Court to speculate as to the reasons why Plaintiff did not answer the Court's order or timely perfect service. Plaintiff's *pro se* status did not alleviate his obligation to respond to the Court's order, as *pro se* litigants are still expected to follow a court's orders. *See McCoy, supra,* 234 F.3d 1267. Thus, the first factor leans strongly against granting Plaintiff additional time in which to perfect service upon Defendant.

The second and third factors can be weighed in conjunction, and similarly disfavor Plaintiff. There is no indication in the record that Defendant is aware of the institution of this suit against her. Because Defendant is presumably unaware of this action, it is unclear whether granting Plaintiff an extension will further prejudice Defendant in defending herself.

The Court can see no reason why dismissal of the instant complaint without prejudice would substantially burden Plaintiff. The alleged acts giving rise to this action occurred on or about October of 2010 (Compl. at 2). Under Ohio law, an action for libel or slander must be filed "within one year after the cause of action accrued." OHIO REV. CODE ANN. § 2305.11; *See Garafolo v. Fairview Park*, Nos. 92283, 93021, 2009 WL 4694877, at *3 (Ohio App. 8th Dist. Dec. 10, 2009). Therefore, Plaintiff would have ample time to refile his complaint before the statute of limitations expires in October of 2011.

Finally, in contemplation of the fifth factor, it appears that there was an attempt to serve Defendant on December 2, 2010, however the summons was unexecuted because the address was vacant (Doc. 3). Although Plaintiff attempted to serve Defendant, service was never properly effected upon Defendant. Therefore, this factor does not outweigh the remaining four factors leaning

toward dismissal of Plaintiff's complaint.

Accordingly, the undersigned recommends that Plaintiff's Complaint be dismissed without prejudice for failure to perfect service upon defendant in accordance with Rule 4(m) of the Federal Rules of Civil Procedure.

                                       */s Kenneth S. McHargh*
                                       KENNETH S. MCHARGH
                                       U.S. MAGISTRATE JUDGE

Date: April 26, 2011.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time WAIVES the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).